**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMERICAN CONSULTANTS, LEGAL LITIGANTS, PARALEGALS, PROFESSIONAL ADJUSTERS & FINANCIAL BROKERS and ALEX MELVIN WADE, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-10-2454 |
| VS. | § § | |
| CAPITAL ONE, N.A., | § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This case was filed by Alex Melvin Wade, Jr. and American Consultants, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers ("American Consultants"). In this suit, Wade, proceeding *pro se* and purporting to represent himself and American Consultants, sued Capital One, N.A., alleging that it breached contractual duties and was negligent in refusing to process two insurance drafts presented by Wade. One draft was in the amount of $285,000 and one was in the amount of $7,922. The complaint also alleged that these actions violated the constitutional rights of Wade and American Consultants, and violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.01 *et seq.* The plaintiffs sought $12,000,000 in actual damages and $3,500,000 in punitive damages. The plaintiffs sued on July 9, 2010, and moved for partial summary judgment on July 19, seeking a finding that Capital One, N.A., was negligent, violated the plaintiffs' constitutional rights, breached its own contracts, and violated Texas statutory law, in refusing to process the drafts. (Docket Entry No. 5).

After the case was transferred to this court, the defendant, Capital One, was ordered to file a response to the summary judgment motion, which it did. (Docket Entry No. 26). The plaintiffs filed objections to the response, (Docket Entry No. 29). The plaintiffs also filed the following motions:

- a motion to correct the court's order directing Capital One to file a response to the summary judgment motion (Docket Entry No. 27, 30); and

- two motions to require the undersigned to recuse (Docket Entry No. 27, 34).

Based on the pleadings, the motions and responses, the record, and the applicable law, this court denies the plaintiffs' summary judgment motion; denies the motion to correct the prior order; and denies the motions for recusal. The reasons are set out below. If the defendant intends to file a dispositive motion, it must do so no later than **February 4, 2011**. The plaintiffs may file their response no later than **February 25, 2011**.

I.      **The Motion for Summary Judgment**

    A.      **The Record**

Both sides have submitted summary judgment evidence, including copies of the two documents presented as insurance drafts; affidavits by Wade on the plaintiffs' behalf and by Kenneth D. Cash, Assistant Vice-President and Senior Fraud Investigator for Capital One on behalf of the bank; copies of documents relating to Capital One's handling of the two documents and its report relating to the $7,922 document; and copies of the signed judgment of conviction and the indictment against Wade for the second degree felony offense of attempted theft relating to the $285,000 document at issue in this lawsuit. The conviction is based on Wade's efforts to have Capital One collect on the $285,000 document that purported to be an insurance draft. In this suit, Wade and

American Consultants assert that Capital One is liable for millions of dollars for failing to obtain the $285,000 and instead discovering that the document was a fraud.

The evidence shows that on April 3, 2007, Wade came to the East Spring Branch of Capital One to present for collection a document dated March 5, 2007. Wade had an account in the name of American Consultants, for which he was the signer. The document was entitled "Insurance Draft" and was numbered 1016. Wade signed a Capital One Collection Receipt and Agreement with a deposit slip. (Docket Entry No. 26, Ex. A-2). The "Insurance Draft" document had a number of errors and irregularities on its face. Among other problems, the document had inconsistent spelled out and numerical amounts and the spelled out amount was incorrect ("Two Hundred Eighty Fifty Thousand"). The document was payable to American Consultant and signed by American Consultant Legal Litigants Paralegals, Dr. Alex Melvin Wade, Jr. as "Claimant's Adjuster." The signature for the issuer matched the signature for the payee/depositor. The drafting instructions on the back misspelled Capital One Bank as "Captial Inc. Bank," contained a restrictive endorsement, and did not identify any remitting bank. (*Id.*). The documents submitted by Capital Bank show that after the document was sent for collection and returned, the External Fraud Division was notified. That division investigated and discovered these and other discrepancies and irregularities. The documents also showed that Wade had called asking about the reason for nonpayment and was told that "the check had been verified with the Tudor Insurance Company, Eitan Price, . . . and the draft had been verified as counterfeit by Mr. Price." (*Id.*). A report dated May 24, 2007 stated that the customer's account was in the process of being closed and the matter was referred to the Pasadena, Texas Police Department. (*Id.*).

The evidence shows that on May 30, 2007, Wade attempted to deposit into his Capital One bank account a second document that he also presented as an insurance draft. This document was dated May 28, 2007 and in the amount of $7,922. This document also had errors and irregularities. The document had a signature for the issuer that matched the signature of the payee/depositor, contained a restrictive endorsement, and did not identify a remitting bank. (*Id.*, Exs. A, A-3). Capital One has submitted a document signed by the outgoing collection clerk stating that the document could not be processed because no remitting bank was identified. (*Id.*, Ex. A-4). Kenneth Cash's affidavit stated that Capital One also confirmed with the insurance company identified in the draft that it was not valid. (*Id.*, Exs. A, ¶ 7; A-2).

On June 30, 2009, Wade was indicted in the 185th District Court of Harris County, Texas, in Cause No. 1222385. The felony charge was attempted theft. The words "theft, aggregate" are crossed out and the words "attempted theft" written above. The indictment charged that Wade, "on or about April 3, 2007, . . . with the specific intent to commit the offense of theft of money of the value of more than $200,000, owned by Western World Insurance Group, . . . present[ed] for payment purported insurance drafts that were not issued by Western World Insurance Group, namely: presenting drafts number 1016 . . . which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended." The indictment also alleged two prior convictions: one on December 5, 1979, for felony automobile theft, and one on August 6, 2001, for felony forgery. (*Id.*, Ex. C). On February 3, 2010, a judgment of conviction was entered. The judgment stated that the jury had convicted Wade of theft of less than $200,00 and more than $100,000, and that he had pleaded "true" to both enhancement paragraphs. Wade was sentenced to a 45-year term in the Texas Department of Criminal Justice, Institutional Division. (*Id.*, Ex. B).

Wade is serving that sentence.

In reply to Capital One's response to his summary judgment motion, Wade submitted the following declaration:

> 1. The two issues raised inthe Plaintiffs' Motion to Modify and correct the Judgment of September 23rd, 2010, Plaintiffs seeking correction of the judgment being incorrect as to the charge used by the Honorable Court on several occassions in a petition for writ of habeas corpus filed before that court previously where the court form it opinion that Plaintiff Alex Melvin Wade, Jr., was allegedly found guilty of the offense of theft, V.T.C.A. 3103 and not 1501, in plaintiff's belief, Judge Lee Rosenthal's findings in online search, Plaintiff Wade's conviction rested on theft and not attempted theft which was found it's way into this litigation at no bringing of Plaintiffs.
>
> Therefore, to get an order corrected and/or modified Rule 59 & 60, Federal Rules of Civil Procedure is the appropriate vehicle to bring before the court.
>
> 2. Defendant Capital One, N.A. appears not to address Plaintiff American Consulatnt, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers, as a party separate and distinct of Alex Melvin Wade, Jr.,, not was either of the plaintiffs charged and/or found guilty of creating it's own document.
>
> However, its found odd, Defendant Capital One, N.A., do not respond to the Plaintiffs' response to the Summary Judgment. Defendant Capital One, N.A., has not and can not refute the facts of it's affidavit from Ken Cash is nothing less than fraud on the court. Defendant Capital One, has made no attempt whatsoever, to refute the facts clearly show the draft, Exhibit "I" was sent or not sent for collection.  The facts show and support Defendant Capital One, N.A.,'s breach it's contract, when it made Plaintiff American Consultant, Legal Litigants, Paralegals, Professional Adjusters & Financial Broker believe it would send the item for collection acting as it's agent and/or sub-agent.  The facts as they appear and supported by evidence in the form of testimony from the banking official stating he was the one to handle the item and it was never sent for collection. Capital One, N.A.,'s summary judgment evidence appears to be fabrication to bias the court and make it appears the contract was not breached on the part of Capital One, N.A.,

>	The question is, is the affidavit of Ken cash false misleading and deceptive.  The summary judgment evidence now at the heart of the Defendant Capital One, N.A.,'s Motion for Summary Judgmebt [sic] that is clearly false and in an attempt to cause bias and prejudice furthered toward plaintiff, now must be in the effect, overruling of the summary judgment because of the false evidence attached to Defendant Capital One, N.A.,'s Motion for Summary Judgment.
>
>	3. The appropriate vehicle to have presented and may be at some later time warranted, a Motion to recuse, pursuant to Title 28 U.S.C. 455, the request present to the Honorable Lee Rosenthal, as Plaintiff believes and contends, the spill over from Judge Lee Rosenthal's personal bias and prejudice of Alex Melvin Wade, Jr., will cause an effect of bias and prejudice toward American Consultant, Legal Litigants, Paralegal, Professional Adjusters & Financial Brokers in this litigation and may appear in other litigation that may inthe future be brought before this court.
>
>	Plaintiff American Consultant, Legal litigants, paralegals, Professional Adjusters & Financial Brokers has other litigation that will be brought before the United States District Court, Southern District of Texas, Houston Division and will be subjected to bias and prejudice Judge Lee Rosenthal has directed toward Alex Melvin Wade, Jr., representative of Plaintiff American Consultant, Legal litigants, paralegals, Professional Adjusters & Financial brokers .
>
>	As such, its notice Defendant Capital One, N.a., filed a motion to quash the discovery and acquired a protective order.  That was not the proper vehicle to file but it created results.  This is what done at this point.
>
>	Plaintiffs Alex Melvin Wade, Jr., and American Consultant, Legal Litigants, Paralegals, Professional Adjusters & Financial brokers believes they are entitle to various avenues just as Capital one, N.A.. to acquire just results.
>
>	Neverless, Capital One, N.A., should be at some stage of this proceeding seeking to refute what has prove to be a frabricated affidavit presented by Capital One. N.A.,'s Motion for Summary Judgment should as it must, cause it's motion for summary judgment be overruled as fraud on the court.

(Docket Entry No. 33).

The evidence is considered in light of the applicable law.

### B. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied

by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**C. Analysis**

Capital One argues that the documents were not negotiable instruments as a matter of law; Wade argues that they are. The parties both cite the Texas enactment of the Uniform Commercial Code.

The record shows that under the relevant UCC sections, there is no basis to find that the two drafts are negotiable, as Wade asserts. Section 3.104 of the UCC states as follows:

> (a) Except as provided in Subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
>
> (2) is payable on demand or at a definite time; and
>
> (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain:
>
> (A) an undertaking or power to give, maintain, or protect collateral to secure payment;
>
> (B) an authorization or power to the holder to confess judgment or realize on or dispose of collateral; or
>
> (C) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

TEX. BUS. & COMM. CODE § 3.104. Section 3.106 defines "unconditional promise or order," as follows:

> (a) Except as provided in this section, for the purposes of Section 3.104(a), a promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order is subject to or governed by another record, or (iii) that rights or obligations with respect to the promise or order are stated in another record. A reference to another record does not of itself make the promise or order conditional.

*Id.* § 3.106. The restrictive endorsement on the $285,000 document stated as follows:

> Drafting instructions:
>
> > This item for Deposit Only
> > Sent for collection
> > After 14 days clear to the account of the depositor
> > Alex Melvin Wade, Jr.
> > SS # . . .
> > Captial Inc. Bank
> > Account # . . . . . .
> > American Consultant Legal Litigants
>
> This item paid, as a <u>partial payment</u> and cleared to the amount of the depositor, depositor will sign a *partial release* of the $212,000.00 electronic property damage claim of "Mold contamination" brought in the 284th District Court, Montgomery County, Texas in cause No. 07-01-00312-CV.
>
> Therefore payment rendered is considered *partial* release of the electronic equipment loss that's not to exceed $212,000.

(Docket Entry No. 26, Ex. A1, p. 2).

This restrictive endorsement is confusing, appears to affect the unconditional nature of the obligation, and made the document nonnegotiable. The $285,000 document also did not state a fixed amount of money. Instead, it stated two different amounts: "$285,000," and "Two Hundred Eighty Fifty Thousand." The UCC provides that if a document contains "contradictory terms, typewritten

terms prevail over printed terms, handwritten terms prevail over both, and words prevail over numbers." TEX. BUS. & COM. CODE § 3.114.  In this case, the words were inconsistent with the numbers and did not state a known term.

The plaintiffs do not explain the other errors, inconsistencies, and problems with the $285,000 document, including the failure to name a remitting bank.  Nor do the plaintiffs address the most significant problem: the insurance company identified as the issuers refused the draft and reported to Capital One that they were counterfeit.  The only response is that Wade was not criminally charged or convicted of "counterfeiting." He was, however, charged and convicted with "attempted theft" for presenting the $285,000 document and attempting to collect on it.  The plaintiffs have not met their burden on summary judgment of showing that as a matter of law, the $285,000 document was a valid negotiable instrument.  As a result, Wade has failed to show that as a matter of law, Capital One breached any contractual obligation in failing to negotiate the document.

Similarly, the record fails to show that Capital One breached any contractual obligation in failing to negotiate the $7,922 document.  While this document did not contain an error on the dollar amount, it had the other problems identified in the earlier document, including the failure to name a remitting bank.  It also contained a restrictive endorsement.  The restrictive endorsement on the $7,922 document stated in part:

> This item paid, as a <u>partial payment</u> and cleared to the account of the depositor, depositor will sign a *partial release* of the $7,922.00 loss wages claim", brought in the 284th District Court, Montgomery County, Texas in cause No. 07-01-00312-CV.
>
> The sum of $7,922.00 in partial payment, compromise, satisfactory release and partial discharge of any and all liability, I or we, myself or ourselves, me or my beneficiaries, heirs, executors, administrators,

> or their executors may have against said Company under its Policy No. GLO-000-4688 and Claim number 32688T on account of the loss sustained by reason of any injuries or illness occurring subsequently to 24th day of October, 2006. and in partial settlement of all other claims and demands, originating prior to the date of this documentary draft.  And in consideration of the sum aforesaid, I, for myself, my heirs, representatives, and assigns, do hereby agree and covenant to hold and save said Company, or its assigns, free and clear from partial liability of whatsoever nature which now exists, or which may hereafter accrue, by reason of, or arising out of or contributed to by any personal injury or sickness which I have received or contracted prior to the date hereof.
>
> Therefore payment rendered is considered *partial* release of the loss wages claim that's not to exceed $400,000.00.

The restrictive endorsement is even more confusing than the one set out on the prior document.  The plaintiffs have not met their burden on summary judgment of showing that as a matter of law, the $7,922 document was a valid negotiable instrument.  As a result, the plaintiffs have failed to show that as a matter of law, Capital One breached any contractual obligation in failing to negotiate the document.

Nor have the plaintiffs raised a fact issue on his claims of any constitutional violation or deceptive trade practices act violation.  As to the Fifth Amendment claim, the plaintiffs have failed to identify any evidence that raises a fact issue that he was subject to an unconstitutional taking by the government.  The Fourteenth Amendment equal-protection claim similarly suffers from a lack of any evidence that raises a fact issue that his race played any role in the refusal by the insurance companies identified as the issuers of the purported insurance drafts to pay on either draft.

The plaintiffs' motion for summary judgment, Docket Entry No. 5, is denied.

## II.     The Remaining Motions

### A.     The Motion to Correct

The plaintiffs moved to correct the court's order of September 23, 2010, directing Capital One to file a response to the summary judgment motion. (Docket Entry No. 27, 30). The first ground is that the prior order stated that Wade had been convicted of "theft" rather than "attempted theft." The judgment of conviction states "theft." The indictment had the words "theft" crossed out and the words "attempted theft" inserted. The description is fully set out in this opinion, making the motion to correct moot. The plaintiffs do not and cannot dispute the fact that at a minimum, Wade was convicted of a second degree felony relating to one of the instruments on which the plaintiffs are suing in this litigation.

The second basis to correct is that the September 23, 2010 order ended by reminding Wade that Rule 11 of the Federal Rules of Civil Procedure applied. The order stated: "Wade is warned that if this court determines this case to be frivolous, he will be subject to sanctions . . . ." This simply points out the applicable law. The motion to correct by removing this statement is denied as moot.

### B.     The Motions For Recusal

28 U.S.C. § 455 provides in pertinent part:

> (a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>     (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

Section 455 requires a judge to disqualify when "his impartiality might reasonably be questioned." *Id.* The Supreme Court has explained that the appearance of impartiality controls the § 455 analysis and not whether a judge subjectively believes herself to harbor bias or prejudice. *See*

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 108 S. Ct. 2194, 2202–03 (1988). The Fifth Circuit has established three guidelines for courts to follow when applying § 455. *Andrade v. Chojnacki*, 338 F.3d 448, 454–55 (5th Cir. 2003). First, courts must use an objective standard for evaluating bias. *Id.* (citing *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Brown*, 948 F.2d 1436, 1448 (5th Cir. 1991)). Second, a court's "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Id.* (citing *Sao Paulo State of Federative Rep. of Brazil v. Am. Tobacco Co.,* 535 U.S. 229, 122 S. Ct. 1290, (2002)). Third, courts must consider the origin of a judge's alleged bias, a consideration that is also known as the "extrajudicial source rule." *Id.* (citing *Liteky v. United States,* 510 U.S. 540, 114 S. Ct. 1147, 1153 (1994)). "As articulated by the Supreme Court, this rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal." *Id.* To determine whether recusal is required under § 455(a), courts must decide "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003), *cert. denied*, 540 U.S. 1108, 124 S. Ct. 1071 (2004); s*ee also Liljeberg*, 108 S. Ct. at 2203 (explaining that § 455 requires judicial recusal "if a reasonable person, knowing all the circumstances would expect that the judge would have actual knowledge" of his interest or bias in the case).

The basis for recusal is the statement made in the September 23 order that frivolous filings may result in sanctions and the description of the conviction as one for theft rather than attempted theft. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 114 S. Ct. at 1157. With no evidence of any extrajudicial source of evidence to support

recusal, the court's rulings are insufficient to establish any appearance of impartiality. *See In re Int'l Bus. Machs. Corp.*, 618 F.2d 923, 929 (2d Cir. 1980) (trial judges must be free to make rulings on the merits without apprehension that a disproportionate number in favor of one litigant may create the impression of bias). When no extrajudicial source is involved, judicial rulings may serve as the basis for disqualification only "in the rarest of circumstances" where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 114 S. Ct. at 1157. There is no such evidence here. An objective third party aware of all the facts could not reasonably question the court's impartiality. The motions for recusal are denied.

### III.    Conclusion and Order

The plaintiffs' motion for summary judgment, (Docket Entry No. 5), is denied. The plaintiffs' motion to correct or modify the court's order, (Docket Entry No. 27), is denied. The motions for recusal, (Docket Entry Nos. 27, 34), are denied. The motion to correct by adding a second page to a prior motion, (Docket Entry No. 30), is granted. If the defendant intends to file a dispositive motion, it must do so no later than **February 4, 2011**. The plaintiffs may file their response no later than **February 25, 2011**.

SIGNED on December 27, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge