**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AMERICAN CONSULTANTS, LEGAL LITIGANTS, PARALEGALS, PROFESSIONAL ADJUSTERS & FINANCIAL BROKERS and ALEX MELVIN WADE, | § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-10-2454 |
| VS. | § § | |
| CAPITAL ONE, N.A., | § § | |
| Defendant. | § § | |

**MEMORANDUM AND ORDER**

This case was filed by Alex Melvin Wade, Jr. and American Consultants, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers ("American Consultants"). In this suit, Wade, proceeding *pro se* and purporting to represent himself and American Consultants, sued Capital One, N.A., alleging that it breached contractual duties and was negligent in refusing to process two insurance drafts presented by Wade. One draft was in the amount of $285,000 and one was in the amount of $7,922. The complaint also alleged that these actions violated the constitutional rights of Wade and American Consultants, and violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.01 *et seq.* The plaintiffs sought $12,000,000 in actual damages and $3,500,000 in punitive damages. The plaintiffs sued on July 9, 2010 and moved for partial summary judgment on July 19, seeking a finding that Capital One, N.A., was negligent, violated the plaintiffs' constitutional rights, breached its own contracts, and violated Texas statutory law, in refusing to process the drafts. (Docket Entry No. 5). After the case was transferred to this

court, this court denied the plaintiffs' summary judgment motion. The defendant, Capital One, N.A., has now moved for summary judgment. (Docket Entry No. 45). The plaintiffs have not filed a response.

Based on the pleadings and motion, the record, and the applicable law, this court finds that the undisputed facts in the record show that as a matter of law, the plaintiffs cannot recover on their claims. The summary judgment motion is granted and final judgment is entered by separate order.

The plaintiffs have previously filed a notice of appeal and sought leave to proceed in forma pauperis. (Docket Entry No. 46). Because this case and appeal are frivolous, this court denies the motion.

The reasons for these rulings set out below.

**I.     The Motion for Summary Judgment**

    **A.     The Record**

The summary judgment record includes copies of the two documents presented as insurance drafts; affidavits by Wade on the plaintiffs' behalf and by Kenneth D. Cash, Assistant Vice-President and Senior Fraud Investigator for Capital One on behalf of the bank; copies of documents relating to Capital One's handling of the two documents and its report relating to the $7,922 document; and copies of the signed judgment of conviction and the indictment against Wade for the second degree felony offense of attempted theft relating to the $285,000 document at issue in this lawsuit. The conviction is based on Wade's efforts to have Capital One collect on the $285,000 document that purported to be an insurance draft. In this suit, Wade and American Consultants assert that Capital One is liable for millions of dollars for failing to obtain the $285,000 and instead discovering that the document was a fraud. Wade has previously submitted an affidavit, which is

also part of the record.

The evidence was described in this court's prior ruling entered on December 27, 2010. Briefly, on April 3, 2007, Wade came to the East Spring Branch of Capital One to present for collection a document dated March 5, 2007. Wade had an account in the name of American Consultants, for which he was the signer. The document was entitled "Insurance Draft" and was numbered 1016. Wade signed a Capital One Collection Receipt and Agreement with a deposit slip. (Docket Entry No. 26, Ex. A-2). The "Insurance Draft" document had a number of errors and irregularities on its face. Among other problems, the document had inconsistent spelled out and numerical amounts and the spelled out amount was incorrect ("Two Hundred Eighty Fifty Thousand"). The document was payable to American Consultant and signed by American Consultant Legal Litigants Paralegals, Dr. Alex Melvin Wade, Jr. as "Claimant's Adjuster." The signature for the issuer matched the signature for the payee/depositor. The drafting instructions on the back misspelled Capital One Bank as "Captial Inc. Bank," contained a restrictive endorsement, and did not identify any remitting bank. (*Id.*). The documents submitted by Capital Bank show that after the document was sent for collection and returned, the External Fraud Division was notified. That division investigated and discovered these and other discrepancies and irregularities. The documents also showed that Wade had called asking about the reason for nonpayment and was told that "the check had been verified with the Tudor Insurance Company, Eitan Price, . . . and the draft had been verified as counterfeit by Mr. Price." (*Id.*). A report dated May 24, 2007 stated that the customer's account was in the process of being closed and the matter was referred to the Pasadena, Texas Police Department. (*Id.*).

On May 30, 2007, Wade attempted to deposit into his Capital One bank account a second document that he also presented as an insurance draft. This document was dated May 28, 2007 and in the amount of $7,922. This document also had errors and irregularities. The document had a signature for the issuer that matched the signature of the payee/depositor, contained a restrictive endorsement, and did not identify a remitting bank. (*Id.*, Exs. A, A-3). Capital One has submitted a document signed by the outgoing collection clerk stating that the document could not be processed because no remitting bank was identified. (*Id.*, Ex. A-4). Kenneth Cash's affidavit stated that Capital One also confirmed with the insurance company identified in the draft that it was not valid. (*Id.*, Exs. A, ¶ 7; A-2).

On June 30, 2009, Wade was indicted in the 185th District Court of Harris County, Texas, in Cause No. 1222385. The felony charge was attempted theft. The words "theft, aggregate" are crossed out and the words "attempted theft" written above. The indictment charged that Wade, "on or about April 3, 2007, . . . with the specific intent to commit the offense of theft of money of the value of more than $200,000, owned by Western World Insurance Group, . . . present[ed] for payment purported insurance drafts that were not issued by Western World Insurance Group, namely: presenting drafts number 1016 . . . which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended." The indictment also alleged two prior convictions: one on December 5, 1979, for felony automobile theft, and one on August 6, 2001, for felony forgery. (*Id.*, Ex. C). On February 3, 2010, a judgment of conviction was entered. The judgment stated that the jury had convicted Wade of theft of less than $200,00 and more than $100,000, and that he had pleaded "true" to both enhancement paragraphs. Wade was sentenced to a 45-year term in the Texas Department of Criminal Justice, Institutional Division. (*Id.*, Ex. B).

Wade is serving that sentence.

### B. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing' — that is, pointing out to the district court — that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56(c) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied

by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**C.     Analysis**

Wade has asserted causes of action for breach of contract, negligence, violations of the Fifth Amendment takings clause and the Fourteenth Amendment equal protection clause, and violations of the Texas Deceptive Trade Practices Act. Each cause of action is without merit.

The elements of a cause of action for breach of contract are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach. *Aguiar v. Segal,* 167 S.W.3d 443, 450 (Tex. App.-Houston [14th Dist.] 2005, no pet.). The evidence is clear in this case that there was no contract that required the defendants to collect the two documents the plaintiffs presented as negotiable insurance drafts. As this court has previously held, the record shows that under the relevant UCC sections, there is no basis to find that the two drafts are negotiable, as Wade asserts. TEX. BUS. & COMM. CODE § 3.104; § 3.106. The record shows that as a matter of law, the $285,000 document and the $7,922 document were not valid negotiable instruments and Capital One did not breach any contractual obligation in failing to negotiate the documents.

The record also shows that the plaintiffs cannot recover on their claims of negligence, constitutional violation, or deceptive trade practices act violation. There is no negligence as a matter of law because there was no duty owed that was breached. As to the Fifth Amendment claim, the record evidence shows that the plaintiffs were not subject to any unconstitutional taking by the

government.  The Fourteenth Amendment equal-protection claim similarly suffers from a lack of any evidence that raises a fact issue that race played any role in the refusal by the insurance companies identified as the issuers of the purported insurance drafts to pay on either draft.  Finally, there is no basis for any claim under the Texas Deceptive Trade Practices Act.

The defendant's motion for summary judgment, Docket Entry No. 45, is granted.

## II.    The Motion to Proceed IFP on Appeal

Rule 24 of the Federal Rules of Appellate Procedure  provides:

> A party *who was permitted to proceed in forma pauperis in the district-court action*, . . . may proceed on appeal in forma pauperis without further authorization, unless:
>     A.    *the district court*–before or after the notice of appeal is filed–*certifies that the appeal is not taken in good faith* or finds that the party is not otherwise entitled to proceed in forma pauperis and states its reasons for the certification or finding.

FED. R. APP. P. 24(a)(3) (emphasis added).  In deciding whether to grant a party leave to appeal *in forma pauperis,* a district court considers whether the party "seeks appellate review of any issue "not frivolous." *Howard v. King*, 707 F.2d 215, 219-220 (5th Cir. 1983) (citations omitted).

For the reasons stated in this memorandum and opinion and in previous rulings, the plaintiffs' claims are frivolous.  The record discloses no non-frivolous issue for appeal.  This court certifies that the appeal is not taken in good faith and the plaintiffs should not be allowed to proceed on appeal *in forma pauperis*.  The motion, Docket Entry No. 46, is denied.  If the plaintiffs disagree with this court's denial of the motion to proceed on appeal *in forma pauperis* and the finding that the appeal is not taken in good faith, they may petition the Fifth Circuit for a review of the decision.

## III.    Conclusion and Order

The defendant's motion for summary judgment, (Docket Entry No. 45), is granted.  The

plaintiffs' motion to proceed in forma pauperis on appeal, (Docket Entry No. 46), is denied. Final judgment is entered by separate order.

SIGNED on March 11, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge