## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN CONSULTANTS, LEGAL | § | |
| LITIGANTS, PARALEGALS, | § | |
| PROFESSIONAL ADJUSTERS & | § | |
| FINANCIAL BROKERS and ALEX | § | |
| MELVIN WADE, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-2454 |
| | § | |
| CAPITAL ONE, N.A., | § | |
| | § | |
| Defendant. | § | |

## ORDER

The background of this case covers both civil and criminal law.  This civil suit was filed by Alex Melvin Wade, Jr. and American Consultants, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers ("American Consultants") (together, "Wade").  Wade, proceeding *pro se* and purporting to represent himself and American Consultants, sued Capital One, N.A., alleging that it breached contractual duties and was negligent in refusing to process two insurance drafts presented by Wade.  One draft was in the amount of $285,000 and one was in the amount of $7,922.  The complaint also alleged that these actions violated the constitutional rights of Wade and American Consultants, and violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17 .01 *et seq.*  Wade sought $12,000,000 in actual damages and $3,500,000 in punitive damages.  Wade sued on July 9, 2010 and moved for partial summary judgment on July 19, seeking a finding that Capital One, N.A., was negligent, violated the plaintiffs' constitutional rights, breached its own contracts, and violated Texas statutory law, in refusing to process the drafts.  (Docket Entry No. 5).  This court denied Wade's summary-judgment motion.  The

defendant, Capital One, N.A., then moved for summary judgment, (Docket Entry No. 45), which this court granted and entered final judgment.

Almost two and a half years after this court dismissed his suit with prejudice, and nearly two years after his appeal was dismissed, Wade seeks to reopen. He identifies newly discovered evidence consisting of "drafts" Wade himself created and attempted to negotiate over six years ago. These drafts and his efforts to collect on them led to his prosecution and conviction for fraud. He has been incarcerated in the Texas Department of Criminal Justice since 2010.

Wade has moved to reopen (Docket Entry Nos. 79, 80, 81), to recuse this judge (Docket Entry No. 90), and to supplement his request for hearing (Docket Entry No. 92). For the reasons explained below, each motion is denied.

## I.     Background

In 2007, Wade created nineteen drafts of what purported to be negotiable instruments and submitted them to banks for payment. All but two of the drafts were successfully processed. Two that were presented to Capital One were not processed because the bank determined that they were nonnegotiable. Wade sued Capital One based on its refusal.

Wade now moves to use the other seventeen fraudulent drafts under Rule 60(b) as newly discovered evidence that establishes the negotiability of the two drafts Capital One refused to process and justifies reopening this case. Wade alleges that these drafts surfaced as evidence for the first time in a "subsequent suit," despite the fact that he created the drafts himself in 2007 and that they were used against him in the 2008 criminal case. The "subsequent suit" to which Wade referred used the same fraudulent drafts from the criminal trial in Wade's subsequent *habeas corpus* proceeding.

2

On September 5, 2013, Wade filed two motions and a supporting memorandum under Rule 60(b)(2), (Docket Entry Nos. 79, 80, and 81), with several requests for and notices of hearings, (Docket Entry Nos. 82, 83, and 84), and a declaration purporting to verify that the "foregoing" are true and correct, (Docket Entry No. 85). To the extent Wade rehashes arguments previously raised and rejected, his motions fail. To the extent he attempts to raise new arguments, they are untimely and without legal or factual basis, and fail as well.

## II.  The Motion to Recuse

Wade asks the judge to recuse on the apparent basis that she also presided over his habeas petition and rejected it. The motion apparently invokes both 28 U.S.C. § 144 and § 455. Section 144 relates to charges of actual bias or prejudice, while § 455(a) covers an appearance of bias or prejudice. *See Liteky v. United States*, 510 U.S. 540, 547–48 (1994); *Matassarin v. Lynch*, 174 F.3d 549, 570 (5th Cir. 1999); *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990).

Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144. The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge. *Parrish v. Bd.*

*of Comm'rs of the Ala. State Bar*, 524 F.2d 98 (5th Cir. 1975) (en banc).  "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged."  *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted); *see also Berger v. United States*, 255 U.S. 22 (1921).

Three procedural issues must be determined:  (1) was the affidavit timely filed; (2) was it accompanied by the necessary certificate of counsel of record; and (3) is the affidavit legally sufficient.  *Parrish*, 524 F.2d at 100 (citing 13 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3541–53 (1975)).  "Because of the disruption and delay of the judicial processes that can be caused by the disqualification of a trial judge, affidavits of disqualification are strictly scrutinized for form, timeliness, and sufficiency."  *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972).  The affidavit must be filed promptly upon discovery of the facts forming the basis of the motion to disqualify.  *Id.*  Numerous cases have rejected § 144 motions because the affidavits of disqualification were untimely filed.  *See United States v. Iddeen*, 854 F.2d 52, 53 n.1 (5th Cir. 1988) (section 144 motion filed within 10 days of trial was untimely); *see also United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992).  The motion here is clearly untimely.  It is also legally insufficient because it does not meet the following requirements:  (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature.  *Henderson*, 901 F.2d at 1296 (citing *Parrish*, 524 F.2d at 100).

Legal sufficiency is determined as a question of law.  *Berger*, 255 U.S. at 33.  This motion is legally insufficient because all of the allegations it contains are either immaterial, not stated with particularity, or do not indicate a personal, as opposed to judicial, bias against Wade.  None of the

allegations reveal any actions taken by this judge that could possibly indicate an extrajudicial source of bias against Wade. The facts alleged, considered for purposes of this determination to be true, would fail to convince a reasonable person that this judge is personally biased against Wade.

Under § 455(a), a movant must show that recusal is required because the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The right to an impartial judiciary is fundamental to litigants. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995). At the same time, however, Congress has required that a judge's impartiality must "reasonably be questioned" in order for the judge to recuse because "there is the need to prevent parties from . . . manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking." *FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998) (internal quotation marks omitted); *see also Thomas v. Trs. for Columbia Univ.,* 30 F. Supp. 2d 430, 431 (S.D.N.Y. 1998) (judge must not disqualify himself unnecessarily, or else "litigants would be encouraged to advance speculative and ethereal arguments for recusal and thus arrogate to themselves a veto power over the assignment of judges."). The recusal standard under § 455(a) is an objective one, focusing on a hypothetical, reasonable observer. The test is whether "a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *Jordan*, 49 F.3d at 155 (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859–60 (1988)). Nothing in this record meets the standard.

The motion to recuse is denied.

**III.    The Rule 60 Motion**

**A.    The Legal Standard**

Motions under Rule 60(b)(2) are "extraordinary." *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992); *see also Washington v. Patlis*, 916 F.2d 1036, 1038 (5th Cir. 1990).  Relief from final judgment under Rule 60(b)(2) is only appropriate when the movant discovers new evidence "that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  FED. R. CIV. PROC. 60(b)(2).  The movant then has the additional burden to establish:  (1) that due diligence was exercised to obtain the information before final judgment; and (2) "that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment."  *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) (quoting *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 639 (5th Cir. 2005)).  Evidence that is "merely cumulative or impeaching and would not have changed the result" does not entitle the movant to relief.  *Hesling*, 396 F.3d at 640.

Rule 60(b)(2) motions must be filed "within a reasonable time."  FED. R. CIV. PROC. 60(c)(1).  A Rule 60(b)(2) motion is reasonable only when made "no more than a year after the entry of the judgment."  *Id.*

### B.      Analysis

Wade's arguments that the partial processing of seventeen of the drafts he created now qualifies as "newly discovered evidence" in this case under Rule 60(b)(2) do not present new evidence, are not material, and are not timely made.  First, the evidence that Wade relies on was used against him in 2008 to show that some banks had processed some of the fraudulent drafts he presented.  Wade now seeks to use them as "new evidence" showing that the two drafts presented to Capital One were "negotiable."  But because the existence and nature of the drafts were known to Wade and available to him for years before this court granted summary judgment and entered final judgment, they cannot be "newly discovered" for Rule 60(b)(2) purposes.  While Wade

correctly asserts that his seventeen other drafts were not part of the summary judgment record in this case, he does not refute that he created them himself in 2007 and that they were used against him in the criminal proceeding against him in 2008.  Wade cannot show that the evidence was newly discovered or that he acted with the required diligence.

Additionally, the record shows that the added seventeen drafts would not have changed the determinations that the two drafts in this case were not negotiable and that Capital One's refusal to honor them was not a basis for relief.  Newly discovered evidence under Rule 60(b)(2) cannot merely be related to the case, it must be so material and controlling that it would have "clearly" produced a different outcome if introduced prior to judgment.  *Id.*; *Hesling*, 396 F.3d at 639–41.  Wade's "newly discovered evidence" does not meet the materiality standard of Rule 60(b)(2).

Finally, Wade's motion is untimely.  The one-year deadline under Rule 60(c)(1) applies.  Wade's two-plus year delay in filing this motion makes it untimely.  Two and a half years is well beyond the time period considered reasonable.

## IV.    Conclusion

The motions filed by plaintiffs Alex Melvin Wade, Jr., and American Consultant, Legal Litigants, Paralegals, Professional Adjusters & Financial Brokers (Docket Entries No. 79, 80, and 81); the motion to recuse (Docket Entry No. 90); and the motion to supplement (Docket Entry No. 92), are denied.

SIGNED on January 2, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge