# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN CONSULTANTS, LEGAL LITIGANTS, PARALEGALS, PROFESSIONAL ADJUSTERS & FINANCIAL BROKERS and ALEX MELVIN WADE, | § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. H-10-2454 |
| VS. | § § § | |
| CAPITAL ONE, N.A., | § § | |
| Defendant. | § § | |

## ORDER

The plaintiff, Alex Melvin Wade, Jr., has filed another motion asking this court to reconsider its order denying relief from judgment on the basis of newly discovered evidence under Rule 60(b) of the Federal Rules of Civil Procedure. (Docket Entry No. 95). He also asks the judge to recuse herself from ruling on his motions, on the basis that the refusal to grant him the relief he seeks must have resulted from bias or animus.

Wade has shown no basis for relief under Rule 60(b) for the reasons explained in earlier rulings of this court. His motion is denied.

There is no basis for this court to recuse under 28 U.S.C. § 144 and 455. Under § 455(a), "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(a) is an objective inquiry. The standard is whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. *United States v. Jordan*, 49 F.3d 152, 155 (5th Cir. 1995) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860-61, 108 S. Ct. 2194, 2203, 100

L.Ed.2d 855 (1988)).  The Fifth Circuit looks to "how things would appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person" in determining whether recusal is warranted.  *Id*. at 156.  There is no basis to recuse under this standard.

Nor is there a basis to recuse under § 144, which provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  The threshold requirement under § 144 is that a party file an affidavit demonstrating personal bias or prejudice against that party by the district judge.  *Parrish v. Board of Comm'rs of the Alabama State Bar*, 524 F.2d 98 (1975).  "Once the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged."  *Davis v. Bd. of Sch. Comm'rs of Mobile County*,517 F.2d 1044, 1051 (5th Cir. 1975) (citations omitted); *see also Berger v. United States*, 255 U.S. 22 (1921).  Three procedural issues must be determined:  (1) was the affidavit timely filed; (2) was it accompanied by the necessary certificate of counsel of record; and (3) is the affidavit legally sufficient.  *Parrish*, 524 F.2d at 100 (citing 13 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE §§ 3541-53 (1975)).

"Because of the disruption and delay of the judicial processes that can be caused by the disqualification of a trial judge, affidavits of disqualification are strictly scrutinized for form, timeliness, and sufficiency." *United States v. Womack*, 454 F.2d 1337, 1341 (5th Cir. 1972). The affidavit must be filed promptly upon discovery of the facts forming the basis of the motion to disqualify. *Id.* Numerous cases have rejected § 144 motions because the affidavits of disqualification were untimely filed. *See, e.g., United States v. Iddeen*, 854 F.2d 52, 53 n.1 (5th Cir. 1988) (section 144 motion filed within 10 days of trial was untimely); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Even setting aside questions of timeliness, the motion if clearly legally insufficient. A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true, they would convince a reasonable person that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. *Henderson*, 901 F.2d at 1296 (citing *Parrish*, 524 F.2d at 100). Legal sufficiency is determined as a question of law. *Berger*, 255 U.S. at 33. There is no extrajudicial basis for the recusal argument. All of the allegations are either immaterial or do not indicate a personal, as opposed to judicial, bias against Wade. He provides no facts or explanation as to how this court's rulings indicate a personal bias that could justify recusal.

The motion for reconsideration and rehearing and for recusal is denied.

SIGNED on March 31, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3